Bh.ocivenbb.oug-h, J.
It is unnecessary to inquire whether a judgment could properly and legally be entered in the original action, against Early as appearance bail for the defendant Taylor. In point of fact, such a judgment was rendered against him by default in July 1821;'more than five'years before the suing out the scire facias to revive the judgment, and. yet longer before the supersedeas was awarded in this case. The statute of limitations is a bar to the reversal of the judgment of July 1821; and although the proceedings on that judgment are made a part of the record in the case of the scire facias, yet we cannot look into that judgment, to see whether there was error or not. It *85 must stand as an unreversed joint judgment against Taylor and Early.
The only question now to be considered, is, whether the plaintiff' had a right to take a conditional judgment at rules on the scire facias, against Early separately, have it confirmed at the next rules, and rendered final by the default of Early at the succeeding term of the court ? or whether he should have deferred these proceedings, until the other defendant should be brought before the court by the execution of an alias or pluries scire facias, or attachment, or unless the suit against the other defendant should abate by the return of the sheriff, or by death ?
The former course was adjudged by this court to be the correct one, in 1809, in Moss v. Moss's adm'r. In that case judge Fleming said, that the cases in England relating to. mere matters of practice, ought to have no effect on the practice here; “'which has uniformly been, for more than half a century, in cases of this sort, to proceed against such of the defendants as may have been arrested, without regard to others, who have never been so, nor entered an appearance.” A contrary decision was made by the supreme court of the Z7. States in 1812 in Barton v. Petit & Bayard, 7 Cranch 194. a case which arose under the Virginia laws; but it is very probable, that Washington, J. who delivered the opinion of the court, was not apprised of the decision of the supreme court of Virginia, and the long continued practice here, or he would have paid the same regard to it, that he did to the law of Pennsylvania. He remarked, that “ whatever may be the mode provided by law for forcing an appearance, the plaintiff cannot proceed to obtain a judgment against one defendant in a joint action against two, until he has proceeded against the other as far as the law will authorize, unless the law dispenses with the necessity of proceeding against the other defendant, beyond a certain point, to force an ap *86 pearance. Thus, in Pennsylvania (as is known to one °f the judges of this court) if the sheriff return non est inventus as to one defendant, the plaintiff may proceed against the other on whom the writ was served” &c. ipijjg decision of Barton v. Petit & Bayard had no influence in our courts, and the ancient practice continued to prevail, as recognized in the case of Moss v. Moss’s adm’r, until the decision of Jenkins v. Hurt, in 1824, where Green, J. who delivered the opinion of the court, said, “ that in a joint action upon contract, the plaintiff must have judgment against all the defendants before the court, or he can have judgment against none.” In that case, both of the defendants were before the court, both having been arrested, but against one the judgment was entered by default in the office; the other defendant appeared and pleaded, but subsequently withdrew his plea, and a separate judgment was rendered against him in term time. This court adjudged, that the separate judgments were erroneous, reversed them, and entered a joint judgment against both defendants. The same course was pursued in Peasley v. Boatwright. These cases are not identical with that of Moss v. Moss’s adm’r, nor with that now before the court: and the question is, whether we shall adhere to, or depart from, the ancient rule, in cases of the kind now under adjudication ? I hope I may be excused for remarking, that it is within my own knowledge, that, notwithstanding the decisions in Jenkins v. Hurt and Peasley v. Boatwright, the practice still very extensively prevails in the courts of original jurisdiction, where several defendants are sued, and a part only arrested, and a non est inventus returned as to the others, to proceed to judgment and execution against such of the defendants as have been arrested, and to go on at rules against the others until they are arrested, and then to obtain judgments against them, from time to time, till satisfaction be obtained. If we must put down this practice, I *87 fear it will depend on the good will of defendants, or the statute of limitations, whether our docket shall not be increased to fourfold its present bulk.
I am of opinion, that the old practice should be adhered to. 1. Because it was the law of the land for more than fifty years before the year .1809, and until 1824, and then was not changed by any legislative act. 2. Because it is a very convenient practice, not injurious to defendants, and beneficial to plaintiffs, tending to the more expeditious recovery of their just dues. 8. Because that practice was founded, not on the english practice in courts of common law, but on the construction of some of our own ancient statutes ; and whether that construction was originally right or wrong, yet it being received as the right one, it should have been continued unless changed by legislative authority. But I think it was the right one. The conditional judgment, and conditional judgment confirmed, entered against a defendant on wrhom a capias ad respondendum has been executed, but who does not appear according to the exigency of the writ, seems to have been founded on the statute of 1705 ; and the proceeding at rules, by which a cause is matured for trial, instead of maturing it in court, is founded on the act of 1727. (See 1 Rob. Prac. 16G. 8 líen. stat. at large, 294. and 4 Id. 184.) The practice also, of the plaintiff’s filing his declaration at rules, giving to the defendant who appears a rule to plead, the entry of a judgment at rules on the failure of the defendant to plead at the expiration of a month, and. the finality of the judgment in the office if not set aside,—is also founded on the same act of 1727. Both the statutes referred to, contemplated the existence of joint notions against sundry persons, as well as actions against a single defendant. The first statute speaks of attaching “the body of one or more person or persons and the other speaks of writs being issued, whereby “ the sheriff is commanded to take the body or bodies *88 of any person or persons" See. Both authorize thé rendition of the judgment by default, on the return of the process executed; and the latter declares, that if the defendant appears on the appearance day, the plaintiff shall file his declaration within four days thereafter, and if he fails to do it he shall be nonsuited. Now, suppose two persons sued, and the writ is served on one of them only. He appears on the return day of the writ, and the plaintiff is compelled to file his declaration, or be nonsuited. The plaintiff accordingly files it, and he gives his rule to plead and enters his judgment, but it can only be entered against one, for the other is not brought before the court. This judgment, by the very terms of the statute, is final, unless set aside; and hence the separation of the two defendants is a necessary result of the proceedings authorized by the statute. In like manner, if the defendant on whom the process is served fails to appear, the plaintiff, on the return of the writ on the appearance day, is authorized by the act of 1705, to take his conditional judgment. But he cannot take.it against the one on whom process is not served. If then he takes the judgment which the act authorizes, the defendants necessarily become separated. For these 'reasons, I think the judgment should be affirmed—But as I find that all my brethren are of the contrary opinion, I shall hereafter consider the case of Moss v. Moss’s adm’r on this point, to be completely overruled.
Ttjckek, P.
I am of opinion, that there is error in the judgment of the circuit court in this, that a final ' judgment ought not to have been rendered against Early on the joint scire facias, until the plaintiff below had matured the case against the other defendant also, or had proceeded against the other defendant as far as the law authorized or enabled him to do. The able opinion which has just been delivered to the contrary, demands *89 a succinct statement of the reasons which influence me in giving this judgment.
It cannot be denied, that for a long course of time, the practice which was sanctioned by this court in the case of Moss v. Moss’s adm’r, was pursued in many, if not in all, the courts of the commonwealth. It was said, in that case, to have been reported as the established practice of the general court, and thus, most probably, it pervaded the whole country. And if it had been a mere matter of -practice, as the venerable judge JFleming seems to have considered it, there would be much reason for adhering to it. But the subject has been anxiously considered on more than one occasion by this court; and the result has been an explicit disapprobation of the practice, upon the ground that it was not mere matter of practice, but matter of contract which the courts are bound to respect and to enforce, according to the real intention of the contracting parties.
The law has provided various forms for the various contracts arising out of the concerns of life, and these express the design of the parties in entering into them. This, which is so strikingly exemplified by the various species of covenants and warranties inserted in conveyances, is not loss true with respect to bonds. I may be willing to unite in a bond as surety for one who is jointly bound with me, because I know that no judgment can be rendered against mo which is not also pronounced against him; and I also know, that upon the emanation of a joint execution, according to the ordinary course, it will be levied upon the goods of my principal instead of my own. But I may be unwilling to bind myself severally, or severally as well as jointly, because, in that case, I may be first sued and compelled to bear the brunt of tbe demand fer a debt really due from another. When, therefore, I do enter into a joint bond, it is of the essence of my contract, that tbe plaintiff should not throw the burden on me alone, and by his mode oí’ proceeding *90 deprive me of the aid of my co-obligor in sustaining it. This is fully and unqualifiedly admitted in relation to the commencement of the action. A several action cannot be brought upon a joint bond or other contract, yyj]at reasorij then, can there be, because the first process in the action has failed of its effect against my coobligor, that my adversary should be relieved from the pursuit of him, and be entitled to throw the burden upon me? If he was bound to sue him, for my benefit and advantage, how is it that he is not bound to prrosecute the suit, as far at least as the process of the law will enable him ? I cannot perceive; for the obligation to sue, seems to me inevitably to imply the obligation to prosecute the suit.
Accordingly, in England, as it is admitted, the rule is established beyond contradiction, that in a joint action upon contract the plaintiff must have a joint judgment. Edwards v. Carter, 1 Stra. 473. It could not be otherwise, upon the well settled principle, that the count must correspond with the contract and the judgment with the count. Co. Litt. 203. a. The plaintiff is only absolved from the necessity, when he has exhausted the process of the law against the party who stands out, without being able to bring him before the court. Thus, in a suit against partners, if one is out of the kingdom, and not amesnable to process, the plaintiff may proceed (say the english courts) against the other; Symonds v. Parmenter & Barrow, 1 Wils. 78. So with us; Brown v. Belches, 1 Wash. 9. If the writ is returned “ no inhabitant” as to one, the plaintiff may proceed against the other; for the law furnishes no further process against him, and expressly directs the suit to be abated and dismissed as to him. But if the writ is returned “ non est inventus,” the plaintiff may sue out an attachment and take a final judgment against the attached effects, or he may prosecute to outlawry, and thereupon obtain judgment as in other cases of default. 1 Rev. Code, ch. 128. § 60. 61. p. 504.
*91 Of late years, this subject has repeatedly come under the consideration of the court. In the case of Jenkins v. Hurt, Green, J. delivering the judgment of the court, said, “ In a joint action upon contract, the plaintiff must have judgment against all the defendants before the court, or he can have judgment against none.” And moreover the judgment so rendered ought to be joint; for the county court, in that case, having given separate judgments against the two defendants, this court reversed them, and entered a joint judgment against both. This latter point is also sustained by the case of Peasley v. Boatwright; where separate judgments were reversed, and a joint judgment was entered. In the case of Taylor v. Beck, 3 Rand. 316. this subject was most elaborately discussed by the bar and bench. Carr, J. said—“ Of the consequences flowing from the settled rules of the common law governing joint actions, one is, that the plaintiff must recover against all or none ;” and Cabell, J. said—“ No final judgment could regularly be entered on the confession of one, till the issues as to the other defendants were disposed of. Nor could any final judgment be entered even then, but in conformity with the finding of those issues. Notwithstanding his confession, the judgment even as to him must await, and be dependant upon, the verdict as to the other defendants. The judgment as to him, and as to them, must be the same; it must be joint. If judgment be for them, it must be for him also notwithstanding his confession.” Green, J. sustained the same opinions, bnt so much more at length that 1 shall be excused for omitting to quote his words. If these opinions be correct (of which I have no doubt) then it is very obvious, that in a joint action, the plaintiff ought to be held to bring all the defendants before the court, as far as the process will enable him, because each is entitled to the advantage of any defence which the other may make, besides being entitled to his participation of the burden in the event of a recovery.
*92 There are, it is true, some exceptions to this rule, of which notice is taken by Green, J. in the opinion just referred to. I will mention another which grows out of the statute as to insolvent debtors, and which, I am sure, not long since was under the consideration of this court. By the statute of February 25. 1819, 2 Rev. Code, App. 6. p. 585. it is provided, that a defendant in custody may at any time confess judgment, and proceed to discharge himself by taking the insolvent oath, and it is declared, that such judgment shall be final, and shall have the same validity as if entered in open court. Under this statute, there must of course be separate judgments. The law itself works a severance of the action, and the plaintiff may proceed against the other party, as he might have done if the return on the process had abated the suit as to one ; for in that case also, the action is severed by the operation of the law.
Brooke, Cabell and Carr, J. concurred. Judgment reversed.